**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DEREK PALMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1562-R |
| | ) | |
| WILD CHILD MOTORS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Unopposed Motion to Vacate Entry of Default [Doc. No. 10].

Rule 55(c) permits the Court to set aside an entry of default "for good cause." The good cause requirement is a "lesser standard for the defaulting party than the excusable negligence which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 Fed. Appx. 744, 750 (10th Cir. 2009) (quoting *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997)). The Tenth Circuit has summarized the good cause inquiry under Rule 55(c) as follows:

> The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense. These factors are not "talismanic" and the court may consider other factors. However, the court need not consider all the factors.

*Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995) (unpublished) (internal citations omitted).

1

Upon consideration, the Court finds that the good cause standard is met. The Motion is therefore granted and the Entry of Default dated April 6, 2026 is vacated. Defendant shall file an answer or other responsive pleading within twenty days of the date of this order.

IT IS SO ORDERED this 28th day of April, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

2